```
UNITED STATES DISTRICT COURT                    ELECTRONIC PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| LAWRENCE HERBERT,<br><br>                              Plaintiff,<br><br>              - versus -<br><br>THE CITY OF NEW YORK,<br><br>                             Defendant. | MEMORANDUM AND ORDER<br><br>12-CV-1096 (JG) (LB) |

A P P E A R A N C E S :

    LAWRENCE HERBERT
        172-10 133rd Avenue
        Apartment #11F
        Jamaica, New York 11434

        Plaintiff, *Pro Se*

    MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        100 Church Street
        New York, New York 10007
    By:    Melanie Speight

        Attorney for Defendant

JOHN GLEESON, United States District Judge:

        Plaintiff Lawrence Herbert commenced this *pro se* action, asserting a claim pursuant to 42 U.S.C. § 1983 for a violation of his right to due process arising from the seizure of his car. The City of New York has moved to dismiss the complaint, in which it is the sole named defendant. For the reasons stated below, the motion to dismiss is granted. However, Herbert is granted leave to file an amended complaint within 30 days.

BACKGROUND

On the night of January 28, 2011, police officers stopped Herbert's car as he was driving in Queens. Compl. ¶ 4. The purported reason for the stop was that officers saw Herbert's prescription medication, which they believed to be an illegal substance. *See id.* ¶ 5. Shortly after midnight on January 29, 2011, the police arrested Herbert and charged him with unlawful possession of a gun. *See id.* ¶ 3. The outcome of Herbert's criminal case is not indicated in the present record.[1]

Herbert's car was confiscated at the time of his arrest, and it has not been returned since then. *Id.* ¶¶ 6–7. The District Attorney has informed the lawyer representing Herbert in his criminal case that the car was being held so that it could be photographed and would be returned to him after the photographs were taken. *See id.* ¶ 7. Herbert has never received a hearing in connection with the confiscation of his car. *Id.* ¶ 8.

DISCUSSION

A.   *Standard of Review*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citations omitted). In applying this plausibility standard, a court is "obligated to construe a *pro se* complaint liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and should not dismiss it without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

---

[1] At the oral argument of the City's motion to dismiss on August 3, 2012, Herbert informed the Court that his criminal trial was scheduled for the following week. The Court has not received any update as to whether Herbert's trial went forward and, if so, the outcome.

claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)) (internal quotation marks omitted).

B.  *Application*

It appears from the complaint that the police are holding Hebert's car for its use as evidence in his criminal trial. *See* Compl. ¶ 7 (noting car is "being held to take photos"). A claim that the retention of evidence seized at the time of a person's arrest deprived him of property without due process is governed by several Second Circuit decisions.

In *McClendon v. Rosetti*, 460 F.2d 111 (2d Cir. 1972), the Second Circuit held that the New York City ordinance governing the return of property seized as evidence, N.Y. Admin. Code § 14-140,[2] was "unconstitutional as applied to persons from whose possession money or property, other than contraband, has been taken or obtained, though such money or property was not related to any criminal proceeding, or, if it was so related, such criminal proceedings had been terminated, or if the money or property had been needed as evidence in a criminal proceeding, it was no longer needed for that purpose, as violative of the due process clauses of the fifth and fourteenth amendments." *McClendon*, 460 F.2d at 116.

On remand from the Second Circuit's decision in *McClendon*, the district court, in an opinion by Judge Morris Lasker, set forth procedures that govern the seizure of non-contraband property in connection with an arrest. *See Butler v. Castro*, 896 F.2d 698, 700–02 & n.1 (2d Cir. 1990). The Second Circuit approved those procedures in *Butler*. *See id.* at 703. First, they require that the police provide the property owner with a voucher, which must "give

---

[2] At the time of *McClendon*, the ordinance was codified as § 435-4.0 of the New York City Administrative Code. "[A]lthough renumbered as NYC Admin. Code § 14-140, [the ordinance] has not been materially changed since *McClendon*." *Butler v. Castro*, 896 F.2d 698, 702 (2d Cir. 1990); *see also Frith v. City of New York*, No. 07-CV-5899 (JSR) (DF), 2011 WL 3477083, at *5 (S.D.N.Y. July 7, 2011), *report and recommendation adopted*, 2011 WL 3478141 (S.D.N.Y. Aug. 8, 2011).

notice of the procedures to be followed to recover such property." *Id.* at 702. The claimant may demand the return of his property after either the termination of the underlying criminal proceeding or "the issuance by the District Attorney of a release indicating that the property or money is not needed as evidence." *Id.* The City must then "either return the item or items in question or initiate judicial action to authorize their continued detention." *Id.*

Thus, *McClendon* recognized a potential due process claim where property has been seized at the time of arrest and is being held for a reason other than its use during a pending criminal proceeding. Since Herbert's criminal proceeding may have concluded or, if not, his car may no longer be needed as potential evidence, he may have a due process claim.

Herbert may also have a due process claim even if his criminal case remains pending and the District Attorney's office purports to be holding his car as evidence in that case. The Second Circuit held in *Krimstock v. Kelly*, 464 F.3d 246 (2d Cir. 2006),[3] that prosecutors cannot "decide unilaterally that an automobile is material [to a criminal proceeding] and its retention necessary." *Id.* at 255. Due process requires "review by a neutral fact-finder of a prosecutor's decision to retain a vehicle as potential evidence." *Id.* Although the initial decision authorizing retention of property as evidence may be made *ex parte*, *see id.*, a claimant must be given a prompt hearing to challenge a determination that his property should be retained. *Krimstock v. Kelly*, 506 F. Supp. 2d 249, 256 (S.D.N.Y. 2007); *see also Ezagui v. City of New York*, 726 F. Supp. 2d 275, 282–83 (S.D.N.Y. 2010).

From Herbert's complaint, however, I cannot determine whether he has a viable § 1983 under either *McClendon* and *Butler* or *Krimstock*. In particular, he has not alleged

---

[3] This was one in a series of decisions issued in the *Krimstock* case, which challenged the city's procedures for holding property as evidence in a criminal proceeding or in anticipation of civil forfeiture proceedings. *See Ford Motor Credit Co. v. NYC Police Dep't*, 503 F.3d 186, 188 (2d Cir. 2007); *Krimstock v. Kelly*, 506 F. Supp. 2d 249, 251–253 (S.D.N.Y. 2007). It does not appear that Herbert's car is being held in anticipation of a forfeiture proceeding. If he has reason to believe it is, then he should so indicate in his amended complaint.

whether or not he received a voucher at the time his car was seized and whether he has followed the procedures described on the voucher. In addition, it is unclear whether his criminal proceedings have now concluded or whether his car is still needed as evidence in a criminal trial against him. Herbert's complaint also fails to allege whether or not the government has obtained an *ex parte* order authorizing retention of his property for use as evidence, whether Herbert was informed of his right to a hearing to challenge that order and whether he attempted to obtain a hearing. Depending on what these facts are, Herbert may or may not have a viable due process claim.

Thus, the complaint, as presently drafted, fails to state a plausible claim. However, granting leave to amend is appropriate since Herbert may be able to allege additional facts that state a plausible claim that he was denied due process. If Herbert files an amended complaint, he should provide additional details as to what notice, if any, he received of his rights to contest the seizure of his car and what avenues he pursued in attempting to recover the car. He should also provide details regarding the current status of his criminal case.

Since I am granting Herbert leave to amend, it is appropriate to address, at least initially, who the appropriate defendant or defendants are. The City argues that, even assuming Herbert has a viable claim that he was deprived of a constitutional right, he has not alleged that the deprivation was the result of the City's policy or custom. In the absence of such allegations, the City argues it cannot be liable for any constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *DeFabio v. E. Hampton Union Free Sch. Dist.*, 623 F.3d 71, 77 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 1578 (2011).

However, in *Butler*, the Second Circuit held that the City's failure to amend § 14-140 of the Administrative Code – which remains unamended to this day – in light of *McClendon*

resulted in "an established procedure of misinforming claimants who do not receive notice by voucher of the prevailing procedures for recovery." *Butler*, 896 F.2d at 704. That "is sufficient, under *Monell*, to support a Section 1983 claim against the City." *Frith v. City of New York*, No. 07-CV-5899 (JSR) (DF), 2011 WL 3477083, at *5 (S.D.N.Y. July 7, 2011), *report and recommendation adopted*, 2011 WL 3478141 (S.D.N.Y. Aug. 8, 2011); *see also Contant v. City of New York*, No. 09-CV-2851 (WKF) (LB), 2012 WL 1158756, at *12 (E.D.N.Y. Mar. 16, 2012), *report and recommendation adopted*, 2012 WL 1165623 (E.D.N.Y. Apr. 9, 2012).[4]

Thus, the City of New York would be a proper defendant if Herbert alleges that he did not receive a voucher notifying him how to seek the return of his car when it was seized. However, the City would not be an appropriate defendant, absent additional allegations, if he did receive a voucher. *See Frith*, 2011 WL 3477083, at *5 ("Where a claimant receives a voucher for his seized property consistent with the requirements articulated in the Lasker Order, he generally cannot maintain a Section 1983 claim against the City based on lack of notice."). The City would also not be an appropriate defendant for a *Krimstock* claim unless Herbert can allege that the denial of a *Krimstock* hearing was part of an official city policy or custom. *See Ezagui*, 726 F. Supp. 2d at 284–85.

In addition to the City, Herbert may name as defendants any individuals who were personally involved in the deprivation of his rights. If Herbert does not know their names, he may identify them in his amended complaint as "John Doe #1" or "Jane Doe #1," and so on, and describe their positions and roles in the alleged constitutional violation.

---

[4] Although the City has still failed to amend § 14-140 to this day, the Rules of City of New York have been amended to substantially conform to the procedures outlined by Judge Lasker. *See Frith v. Hill*, No. 07-CV-5899 (JSR), 2009 WL 3073716, at *5 (S.D.N.Y. Sept. 23, 2009); *see also Alexandre v. Cortes*, 140 F.3d 406, 414 (2d Cir. 1998); 38 R.C.N.Y. §§ 12-31 to 12-38. Nevertheless, courts have continued to hold that the failure to amend the Administrative Code supports municipal liability. *See, e.g.*, *Contant*, 2012 WL 1158756, at *12; *Frith*, 2011 WL 3477083, at *5; *Palacio v. City of New York*, 489 F. Supp. 2d 335, 341 (S.D.N.Y. 2007).

CONCLUSION

For the reasons stated above, the motion to dismiss is granted. Herbert is granted leave to file an amended complaint on or before October 1, 2012.

So ordered.


John Gleeson, U.S.D.J.

Dated: August 30, 2012
       Brooklyn, New York